## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Marquent A. Whetzel, | **COMPLAINT** |
| Plaintiff, | **Civil Action No.:**   2:23-cv-1595 |
| vs. | |
| **THE CITY OF NEW CASTLE,  a Municipal Corporation, OFFICER ANTHONY MANGINO, JR., in his individual capacity, OFFICER JOSHUA COVERT, in his individual capacity, LAWRENCE COUNTY CORRECTION CENTER, a Municipal Corporation, CORRECTION OFFICER TIMOTHY PITZER, in his individual capacity, CORRECTION OFFICER MARK BRADER, in his individual capacity, CORRECTION OFFICER JOHN DOE, in his individual capacity.** | <u>**Electronically Filed**</u><br><br><br><u>**JURY TRIAL DEMANDED**</u> |
| Defendants. | |

## <u>COMPLAINT</u>

AND NOW comes Plaintiff, Marquent A. Whetzel, by and through his Attorney, Stanley T. Booker, and files this Complaint and avers the following:

## PRELIMINARY STATEMENT

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that the Plaintiff was the subject of excessive force by members of the New Castle Police Department and Lawrence County Correction Center on September 5, 2021, through September 6, 2021.  Significantly, a good portion of this brutal assault was captured on video via the body camera footage of Officer Amanda Ventura and the fixed camera footage of the Lawrence County Correction Center.  The Plaintiff alleges that Officer Anthony Mangino, Jr. struck him in the face multiple times while handcuffed. While at the Lawrence County Correction Center video footage showed the Plaintiff being knocked unconscious, pepper sprayed, choked, and thrown headfirst into a steel door. After this incident occurred the Corrections Officers and several Police Officers thought it appropriate to salute in approval.

## PARTIES

1.      Plaintiff, Marquent A. Whetzel (hereinafter referred to as "the Plaintiff") is a citizen of the United States and a resident of New Castle, Pennsylvania, Lawrence County.

2.      Defendant, The City of New Castle (hereinafter referred to as "CNC") is a local governmental body and the legal entity responsible for the New Castle

Police Department as it was the employer of the individual defendants' Mangino and Covert. Its official address is 230 North Jefferson Street, New Castle, Pennsylvania 16101.  The City of New Castle has a legal responsibility to operate according to the laws of the United States and the Commonwealth of Pennsylvania, including, but not limited to, the United States Constitution.

3.      Defendant Anthony Mangino, Jr. (hereinafter referred to as "Defendant Mangino") was a police officer with the New Castle Police Department (hereinafter referred to as "NCPD").  At all relevant times, he was acting in his capacity as a police officer and in that capacity had a legal obligation to act in conformity with the U.S. Constitution and applicable federal and state laws. Defendant Mangino is named herein in his individual capacity. Defendant Mangino is a "person," as that term is defined in 42 U.S.C. § 1983, and, at all relevant times, acted under color of state law and in the scope, course and in furtherance of his employment with NCPD and Defendant the City of New Castle.

4.      Defendant Joshua Covert (hereinafter referred to as "Defendant Covert") is a police officer for Defendant City of New Castle.  At all relevant times, he was acting in his capacity as a police officer and in that capacity had a legal obligation to act in conformity with the U.S. Constitution and applicable federal and state laws. Defendant Covert is named herein in his individual capacity. Defendant Covert is a "person," as that term is defined in 42 U.S.C. § 1983, and, at all relevant

times, acted under color of state law and in the scope, course and in furtherance of his employment with NCPD and Defendant the City of New Castle .

5.   Defendant Lawrence County Correction Center (hereinafter referred to as "Defendant LCCC") is a municipal government entity organized under the laws of Pennsylvania, with its main offices located at 111 Milton Street, New Castle, Pennsylvania 16101. Defendant LCCC has a legal responsibility to operate according to the laws of the United States and the Commonwealth of Pennsylvania, including, but not limited to, the United States Constitution.

6.   Defendant John Doe is an unknown correction officer at Defendant LCCC.  In his capacity as a correction officer, he had a legal obligation to act in conformity with the U.S. Constitution and applicable federal and state laws. John Doe is named herein in her individual capacity. Defendant John Doe is a "person," as that term is defined in 42 U.S.C. § 1983, and, at all relevant times, acted under color of state law and in the scope, course and in furtherance of his employment with Defendant LCCC.

7.   Defendant Mark Brader (hereinafter referred to as "Defendant Brader") is a correctional officer with Defendant LCCC.  In his capacity as a correctional officer, he had a legal obligation to act in conformity with the U.S. Constitution and applicable federal and state laws. Defendant Brader is named herein in his individual capacity. Defendant Brader is a "person," as that term is defined in 42 U.S.C. § 1983,

and, at all relevant times, acted under color of state law and in the scope, course and in furtherance of his employment with Defendant LCCC.

8.      Defendant Timothy Pitzer (hereinafter referred to as "Defendant Pitzer") is a correction officer with Defendant LCCC.  In his capacity as a correction officer, he had a legal obligation to act in conformity with the U.S. Constitution and applicable federal and state laws. Defendant Pitzer is named herein in his individual capacity. Defendant Pitzer is a "person," as that term is defined in 42 U.S.C. § 1983, and, at all relevant times, acted under color of state law and in the scope, course and in furtherance of her employment with Defendant LCCC.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4). This Court has supplemental jurisdiction over Plaintiff's state and common law causes of action under 28 U.S.C. § 1367.

10.      This Court has personal jurisdiction over the Defendants who are each located in the Western District of Pennsylvania.

11.      Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C.§ 1391(a) in that the Defendants are subject to personal jurisdiction within the Western District of Pennsylvania and the events that give rise to this action occurred within the Western District of Pennsylvania.

## FACTUAL BACKGROUND

### *September 5, 2021 - traffic stop*

12.     This action concerns an assault that occurred between September 5, 2021, and September 6, 2021, that involved Officers of NCPD and Correction Officers employed through LCCC.

13.     On September 5, 2021, Officer Mark Lewis, was dispatched to 719 Oak Street, New Castle, Pennsylvania for an alleged domestic dispute that involved Ciara Vanasco.

14.     The Plaintiff allegedly left the scene prior to Officer Lewis arriving.

15.     Defendant Mangino, a New Castle Police Officer received a dispatch around 11:45 p.m. and executed a traffic stop of a silver Jeep in the vicinity of Cascade Park, New Castle, Pennsylvania.

16.     The Plaintiff was the passenger in this vehicle and was immediately apprehended and placed in custody.

17.      The Plaintiff and Defendant Mangino engaged in a verbal altercation to which Defendant Mangino took offense.

18.     While the Plaintiff was in custody, Defendant Mangino struck him multiple times in the face without physical provocation.

*September 6, 2021 – Sally Port*

19.     The Plaintiff was then transported to LCCC.

20.     When the Plaintiff arrived in the sally port he again proclaimed that he had been physically assaulted by Defendant Mangino.

21.     As the Plaintiff was seated in the back of the patrol car, Officer Mangino instructed the other officers to watch the Plaintiff because "he's a jerk".

22.     While seated in the patrol car, Defendant Brader told the Plaintiff "I'm real easy or I'm real bad were going to have a good night or we can play stupid games and win stupid prizes".

23.     The Plaintiff was then removed from the patrol car and a spit mask was placed over his head.

*September 6, 2021 - Jail*

24.     The Police Officers and Corrections Officers then transported the Plaintiff inside of the jail and began to search his person.

25.     As the Plaintiff was placed up against a makeshift counter, Defendant Pitzer, became frustrated with the Plaintiff because he was arguing with Defendant Mangino.

26.     Defendant Pitzer then stated, "you know I had enough".

27.     Defendant Pitzer is an enormous adult male weighing in excess of 300 pounds.

28.     Defendant Pitzer then grabbed the Plaintiff from behind and placed him in a choke hold.

29.     Defendant Pitzer then stated, "I asked you to pay attention to me I asked you fucking nicely now you wanna do something stupid."

30.     Then while in a chokehold, Defendant Pitzer slammed the Plaintiff to the ground intentionally dropping all of this weight onto the Plaintiff's back.

31.     The Plaintiff lay motionless.

32.     While unconscious, Defendant Brader pepper sprayed a handcuffed, nonresistant, unconscious, Plaintiff in his facial area.

33.     Defendant Pitzer continued to lay on and roll about the Plaintiff's body before eventually standing up.

34.     When Officer Pitzer removed himself from the unconscious Plaintiff he stated, "I'm not playing fucking games with you.".

35.     Defendant Pitzer then stated, "that's how you put someone to sleep" jokingly referencing that he had rendered the handcuffed Plaintiff unconscious.

36.     Defendant Brader and John Doe then lifted the Plaintiff off of the ground and immediately placed him on a chair.

37.     As the Plaintiff again to awake he was startled and panicked.

38.     As a result, Defendant Brader and John Doe slammed the Plaintiff back onto the ground.

39.     Defendant Pitzer then placed his foot on the Plaintiff's neck impairing his ability to breathe.

40.     Defendants' Pitzer, Brader, and John Doe then forcibly lifted the Plaintiff from the ground and began forcibly escorting him to an adjacent room in the back.

41.     While he was being transported the Defendant Correction Officers stated, "we don't have no fucking rules, we are the police."

42.     As this was occurring, Defendants' Mangino and Covert were laughing and giggling uncontrollably.

43.     Officer Ventura, who had previously activated her body cameras, stated "that's not funny".

44.     When the Defendant Correction Officers reached the back room, they rammed the Plaintiff's head into a steel door and threw him onto the floor.

45.     Defendant Brader then exited the room and approached Officer Mangino and Covert and the parties did a military salute acknowledging that the behavior was endorsed by the Defendant Police Officers.

46.     As a result, the Plaintiff has experienced psychological trauma and excruciating pain throughout his body, including but not limited to pain to his head, shoulders, arms, backs, and legs.

47.     Two years after this incident occurred, the Plaintiff is still receiving medication for his injuries.

48.     This entire event was captured on Police Officer Amanda Ventura's body camera and the non-audio camera footage from the Sally Port and the Jail.

**LCCC's policy of using unnecessary force on inmates is unconstitutional.**

49.     Pursuant to polices, the LCCC routinely uses excess force when processing, restraining, or interacting with inmates.

50.     Upon information and belief, Defendant LCCC does not properly investigate the circumstances surrounding the use of force against inmates.

51.     Upon information and belief, Defendant LCCC does not properly train its staff in utilizing excessive force to restrain inmates.


## COUNT I

## VIOLATION OF 42 U.S.C. § 1983 (VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT – EXCESSIVE FORCE) (Plaintiff vs. Defendants Mangino, Pitzer, Brader, John Doe)

52.     The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through fifty-one (51) as though set forth at length herein.

53.    The Fourteenth Amendment provides in relevant part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law".

54.    The Fourth Amendment protects individuals from excessive force.

55.    The Fourteenth Amendment applies to the manner in which a seizure is conducted.

56.    The Defendants are state actors subject to the Fourth and Fourteenth Amendments.

57.    Defendants acted under the color of state law.

58.    Defendants acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

59.    The seizure inflicted upon the Plaintiff was excessive in nature and unreasonable under the Fourth Amendment.

60.    At the time when excessive force was being committed, the Plaintiff was not committing any crime.

61.    At the time when excessive force was used, the Plaintiff was handcuffed, restrained, surrounded by three police officers and three correctional officers and as such posed no immediate or apparent threat to anyone's safety.

62.     The Plaintiff was not actively resisting arrest or attempting to evade arrest by flight when excessive force was used.

63.     The Plaintiff had been searched and was unarmed when excessive force occurred.

64.     The Defendants were not in the midst of a dangerous situation involving a serious crime.

65.     The facts as set forth above amount to excessive force; to wit, Defendant's Mangino, Pitzer, Brader and John Doe utilized excessive force in, but not limited to, punching, choking, slamming, and pepper spraying the Plaintiff.

66.     The aforementioned conduct deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution of the United States including a deprivation of liberty.

67.     The Defendants acted with malice, willful and wanton conduct and/or acted with reckless disregard for Plaintiff's federally protected constitutional and civil rights, thereby subject Defendants to punitive damages.

68.     As a direct and proximate result of the unlawful conduct of the Defendants as aforesaid, Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to humiliation and significant psychological and emotional trauma and monetary damages.

69.     As a direct result and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered actual physical and emotional injuries and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

70.     As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

71.     On information and belief, Plaintiff may suffer further lost future earnings and impaired earnings capacities from the not yet fully ascertained back injury, in amounts to be ascertained in trial.

72.     Plaintiff is further entitled to attorneys' fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

**WHEREFORE**, Plaintiff requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limits of said Court, plus court cost, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT II

## VIOLATION OF 42 U.S.C. § 1983 (VIOLATION OF FIRST AMENDMENT – RETALIATION)
### (Plaintiff vs. Defendants Mangino, Covert, Brader, Pitzer, John Doe)

73.     The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through seventy-two (72) as though set forth more fully at length herein.

74.     The Plaintiff believes, and therefore avers, that the Plaintiff initial interactions with Defendant Mangino whereby he was disrespectful and referencing Defendant Mangino's family members caused Defendant Mangino to retaliate against the Plaintiff by striking him in the face multiple times.

75.     The Plaintiff believes, and therefore avers, the statements made by the Plaintiff at LCCC caused Defendants' Brader,  Pitzer, and John Doe to retaliate against the Plaintiff by choking, striking, pepper spraying and slamming the Plaintiff into a steel door.

76.     The Plaintiff believes and therefore avers, the statements made by Plaintiff toward Defendant Mangino, caused Defendant Covert to retaliate by failing to intervene.

77.     The Plaintiff's statements directed toward Defendant Mangino, although distasteful, were protected First Amendment activity.

78.     The Defendants' retaliation was unlawful, objectively unreasonable, and would chill an ordinary person in the exercise of his First Amendment rights.

79.     The Plaintiff suffered damages as a result of Defendants' conduct.

80.     The Defendants acted willfully, knowingly, and purposefully and/or with deliberate indifference to deprive the Plaintiff of his constitutional rights.

81.     As a result of the nature of Defendants' conduct, the Plaintiff is entitled to recover punitive damages against the defendants.

## COUNT III

### VIOLATION OF 42 U.S.C. § 1983 (CONSPIRACY)
### (Plaintiff vs. Defendants Mangino, Covert, Pitzer, Brader, and John Doe)

82.     The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through eighty-one (81) as though set forth more fully at length herein.

83.     The Defendants acting under color of state law, willfully, knowingly, and purposefully with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and law of the United States, in violation of 42 U.S.C. § 1983; particularly, conspired to deprive the Plaintiff of his Fourth Amendment and Fourteenth Amendment rights.

84.    Plaintiff alleges that in doing the acts and things above complained of the Defendants were conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive Plaintiff of his rights guaranteed to him under the Constitution and laws of the United States and particularly his Fourth Amendment and Fourteenth Amendment rights.

85.    The Defendants acted with malice and reckless disregard for Plaintiff's federally protected constitutional and civil rights.

86.    Defendants conspired to falsely claim that Plaintiff resisted arrest and to physically assaulted the Plaintiff in retaliation for the offensive comments he directed toward Defendant Mangino.

87.    As a result of the conduct of the Defendants as aforesaid, Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to humiliation, significant psychological trauma, physical injury, and monetary damages.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the court deems appropriate.

## COUNT IV

## VIOLATION OF 42 U.S.C. § 1983 (FOURTH AND FOURTEENTH AMENDMENT)
## (Plaintiff vs. City of New Castle)

88.     The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through eighty-seven (87) as though set forth more fully at length herein.

89.     The Defendant, City of New Castle, by and through their agents and employees, *i.e.*, the New Castle Police Department and the individual defendants herein, acting under color of state law, acted willfully, knowingly and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. § 1983; particularly, they deprived Plaintiff of his Fourth Amendment rights to be free from excessive force.

90.     Local municipalities and governmental bodies are "persons" under Section 1983.

91.     The City of New Castle is liable for the violations of Plaintiff's Fourth Amendment rights because it executed a policy and/or custom and/or practice and/or failed to adequately train and supervise Defendants Mangino and Covert that inflicted the injuries herein.

17

92.     Liability against a governmental unit may exist under Section 1983 where a Plaintiff's constitutional rights were violated based on a governmental custom, even if the custom has not been formally sanctioned.

93.     Additionally, a governmental unit may be liable under Section 1983 if there is failure to supervise or train.

94.     The City of New Castle failed to adequately supervise and train Defendants Mangino and Covert in the proper use of force, which resulted in the excessive force displayed against Plaintiff.

95.     The City of New Castle failed to protect the Plaintiff from the acts of their agents, servants, workmen, invitees, employees, and/or representatives, which defendant knew or should have known were likely to occur.

96.     The City of New Castle failed to obtain and act appropriately upon information regarding previous complaints, abuse, or aggressive behavior or nature of their employees.

97.     The City of New Castle failed to undertake proper and adequate steps to maintain a peaceable atmosphere.

98.     The City of New Castle failed to take all appropriate and necessary steps to minimize the likelihood of such an attack which occurred to Plaintiff.

99.     The City of New Castle failed to provide proper supervision, oversight, direction, and control over Defendants Mangino and Covert.

100.    The City of New Castle knew, had reason to know, or should have known that its Defendants Mangino and Covert had a record of dangerous and reckless behavior which caused unreasonable risk of physical harm to the Plaintiff.

101.    The City of New Castle failed knew, had reason to know, or should have known that contracting and/or hiring Defendants Mangino and Covert would result in a risk of physical harm to others.

102.    The failure to supervise and train showed a "deliberate indifference" to the rights of persons with whom the Defendants would come into contact.

103.    Plaintiff had the following clearly established rights at the time of the complained of conduct:  (1) the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment; and (2) the right to bodily integrity and to be free from excessive force by laws enforcement under the Fourteenth Amendment.

104.    Defendant City of New Castle and individual defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

105.    The acts or omissions of the Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

106.    The Defendant is not entitled to qualified immunity for the complained of conduct.

107.   The deliberately indifferent training and supervision provided by Defendant CNC resulted from a conscious or deliberate choice to follow a course of action from various alternatives available to Defendant were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

108.   As a direct result of Defendant City of New Castle and individual defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and the damages and loses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

109.   As a further result of Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further or special damages and related expenses, in amounts to be established at trial.

110.   On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained injury to his lower back, in amounts to be ascertained in trial.

111.   Plaintiff is further entitled to attorneys' fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendant for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees,

declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT V

### VIOLATION OF 42 U.S.C. § 1983 (FOURTH AND FOURTEENTH AMENDMENT) (Plaintiff vs. Lawrence County Correction Center)

112.    The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred eleven (111) as though set forth more fully at length herein.

113.    The Defendant, LCCC, by and through their agents and employee *i.e.* Defendants Pitzer, Brader and John Doe, acting under color of state law, acted willfully, knowingly, and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. § 1983; particularly, they deprived Plaintiff of his Fourth Amendment rights to be free from excessive force.

114.    Local municipalities and governmental bodies are "persons" under Section 1983.

115.    The LCCC is liable for the violations of Plaintiff's Fourth Amendment rights because it executed a policy and/or custom and/or practice and/or failed to adequately train and supervise Defendants Pitzer, Brader, and/or John Doe that inflicted the injuries herein.

116.   Liability against a governmental unit may exist under Section 1983 where a Plaintiff's constitutional rights were violated based on a governmental custom, even if the custom has not been formally sanctioned.

117.   Additionally, a governmental unit may be liable under Section 1983 if there is failure to supervise or train.

118.   The LCCC failed to adequately supervise and train Defendants Pitzer, Brader, and John Doe in the proper use of force, which resulted in the excessive force displayed against  Plaintiff.

119.   The LCCC failed to protect the Plaintiff from the acts of their agents, servants, workmen, invitees, employees, and/or representatives, which defendants knew or should have known were likely to occur.

120.   The LCCC failed to obtain and act appropriately upon information regarding previous complaints, abuse, or aggressive behavior or nature of their employees.

121.   The LCCC failed to undertake proper and adequate steps to maintain a peaceable atmosphere.

122.   The LCCC failed to take all appropriate and necessary steps to minimize the likelihood of such an attack which occurred to Plaintiff.

123.   The LCCC failed to provide proper supervision, oversight, direction, and control over their employees.

124.    The LCCC knew, had reason to know, or should have known that its agents and/or employees had a record of dangerous and reckless behavior which caused unreasonable risk of physical harm to the Plaintiff.

125.    The LCCC knew, had reason to know, or should have known that contracting and/or hiring Defendants Brader, Pitzer, and John Doe, would result in a risk of physical harm to others.

126.    The failure to supervise and train showed a "deliberate indifference" to the rights of persons with whom the Defendants would come into contact.

127.    Plaintiff had the following clearly established rights at the time of the complained of conduct:  (1) the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment; and (2) the right to bodily integrity and to be free from excessive force by laws enforcement under the Fourteenth Amendment.

128.    Defendant LCCC and individual defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

129.    The acts or omissions of the Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

130.    The Defendant is not entitled to qualified immunity for the complained of conduct.

131.    The deliberately indifferent training and supervision provided by Defendant LCCC resulted from a conscious or deliberate choice to follow a course of action from various alternatives available to Defendant were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

132.    As a direct result of Defendant LCCC and individual defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and the damages and loses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

133.    As a further result of Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further or special damages and related expenses, in amounts to be established at trial.

134.    On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained injury to his lower back, in amounts to be ascertained in trial.

135.   Plaintiff is further entitled to attorneys' fees and cost pursuant to 42 U.S.C. § 1988; pre-judgment interest and costs as allowable by federal law.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendant for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees,

declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT VI

## ASSAULT AND BATTERY
### (Plaintiff vs. Defendants Mangino, Pitzer, Brader, and John Doe)

136.   The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred thirty-five (135) as though set forth more fully at length herein.

137.   At all times relevant hereto, the Defendants Mangino, Pitzer, Brader and John Doe (collectively referred to in County VI as "the Defendants") committed an assault and battery against the defendant without his consent.

138.   The assault and battery occurred with malice as it was a result of retaliation and under circumstances where the respective defendants continued the assault and battery after the Plaintiff had been rendered unconscious.

139.   The Defendants' conduct was malicious and/or reckless, and the Plaintiff is entitled to punitive damages.

## COUNT VII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Plaintiff vs. Defendants Mangino, Covert, Pitzer, Brader, and John Doe)

140.    The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred thirty-nine (139) as though set forth more fully at length herein.

141.    The attack on the Plaintiff by the Defendants individually was intentional, extreme, outrageous, and exceeded all reasonable bounds of decency.

142.    As a proximate result of the Defendants' action, and/or inactions, the Plaintiff suffered substantial damages, including but not limited to severe emotional distress, mental anguish, embarrassment, personal humiliation, physical injuries, and sleep deprivation.

143.    The Defendants' willful and intentional conduct was malicious and/or outrageous and the Defendants are liable to the Plaintiff for punitive and compensatory damages.

## **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, in light of the foregoing, the Plaintiff respectfully requests the following relief:

(a) a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202 and 42 US.C. § 1983 declaring the policies adopted and enforced by CNC and LCCC as unconstitutional;

(b) nominal, compensatory, treble, and punitive damages in an amount to be proven at trial;

(c) an order awarding the Plaintiff the costs incurred in this litigation including attorney's fees pursuant to 42 U.S.C. § 1988; and,

(d) such other relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands a jury trial on all issues.

Respectfully submitted,

/s/ Stanley T. Booker

_____

Stanley T. Booker, Esq.
PA ID No.: 93435
3019 Wilmington Road
New Castle, PA 16105
Office: 724.856.3396
Fax: 724.202.6793