IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARQUENT A. WHETZEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER ANTHONY MANGINO, JR., OFFICER JOSHUA COVERT, CORRECTION OFFICER TIMOTHY PITZER, CORRECTION OFFICER MARK BRADER, AND CORRECTION OFFICER JOHN DOE,<br><br>　　　　　Defendants. | 2:23-CV-01595-CCW |

**OPINION AND ORDER**

Before the Court are three Motions to Dismiss filed by Defendants Anthony Mangino and Joshua Covert, ECF No. 13;  Timothy Pitzer, *see* ECF No. 23;  and Mark Brader, *see* ECF No. 25. For the reasons set forth below, the Court will grant in part and deny in part the Defendants' Motions to Dismiss.

**I.　Background**

This case arises from the alleged physical assault of Plaintiff Marquent A. Whetzel during his arrest and detention on September 5 and 6, 2021.  ECF No. 1 ¶ 12.  The relevant factual allegations, taken as true, are as follows.

Around 11:45 p.m. on September 5, 2021, Defendant Anthony Mangino, a City of New Castle Police Officer, arrested Mr. Whetzel in the vicinity of Cascade Park, New Castle in connection with an alleged domestic dispute.  ECF No. 1 ¶¶ 13, 15, 16.  During his arrest, Mr. Whetzel and Officer Mangino engaged in a verbal altercation, after which Officer Mangino struck Mr. Whetzel multiple times in the face.  *Id.* ¶¶ 17, 18.  Early in the morning of September 6, 2021,

Officer Mangino transported Mr. Whetzel to the Lawrence County Correctional Center ("LCCC") where he met another City of New Castle Police Officer, Defendant Joshua Covert, as well as several LCCC correctional officers, including Defendants Timothy Pitzer, Mark Brader, and an unnamed individual (hereinafter, "John Doe"). *Id.* ¶¶ 4–8; 19–23.

Inside LCCC, the Officers began to search Mr. Whetzel. *Id.* ¶ 24. During the search, Mr. Whetzel argued with Officer Mangino, which caused Officer Pitzer to become frustrated. *Id.* ¶¶ 25, 26. Officer Pitzer then grabbed Mr. Whetzel from behind, placed him in a chokehold, and slammed him to the ground, knocking Mr. Whetzel unconscious. *Id.* ¶¶ 28–32. While Mr. Whetzel was unconscious and handcuffed, Officer Brader pepper sprayed him in the face, and Officer Pitzer continued to "lay on and roll about" Mr. Whetzel's body. *Id.* ¶¶ 32, 33. Afterwards, Officer Brader and John Doe lifted Mr. Whetzel and placed him in a chair. *Id.* ¶ 36. When Mr. Whetzel awoke, Officer Brader and John Doe slammed him back onto the ground, and Officer Pitzer then placed his foot on Mr. Whetzel's neck, impairing his ability to breathe. *Id.* ¶¶ 37–39. Then, Officers Pitzer, Brader, and John Doe forcibly transported Mr. Whetzel into an adjacent backroom during which they rammed Mr. Whetzel's head into a steel door, threw him on the ground, and stated "We don't have no fucking rules, we are the police." *Id.* ¶¶ 40–44. During this interaction, Officers Mangino and Covert were laughing and giggling uncontrollably. *Id.* ¶ 42. After putting Mr. Whetzel in the backroom, Officers Brader, Mangino, and Covert did a military salute. *Id.* ¶ 45. As a result of this assault, Mr. Whetzel has experienced psychological trauma and physical pain. *Id.* ¶ 46.

On September 5, 2023, Mr. Whetzel filed the instant lawsuit against Officers Mangino, Covert, Pitzer, Brader, and John Doe,[1] alleging civil rights violations under 42 U.S.C. § 1983 as

---

[1] In his Complaint, Mr. Whetzel originally named the Lawrence County Correctional Center and the City of New Castle as defendants but subsequently agreed to dismiss them. ECF No. 39.

well as state-law claims. ECF No. 1. Officers Mangino, Pitzer, and Brader each have filed Motions to Dismiss, ECF Nos. 13, 23, 25.[2] The parties' briefing is now complete, and the Motions are ripe for resolution.

## II. Legal Analysis

In his Complaint, Mr. Whetzel brings multiple claims against the Officers, including a § 1983 violation for the excessive use of force under the Fourth and Fourteenth Amendments (Count I); a § 1983 violation for First Amendment retaliation (Count II); a § 1983 violation for civil rights conspiracy (Count III); and an intentional infliction of emotional distress claim under Pennsylvania state law (Count VII).[3] The Court will deal with each count in turn below.

### 1. Count I: The § 1983 Excessive Use of Force Claims under the Fourth Amendment Against Officers Pitzer and Brader will be Dismissed.

In Count I, Mr. Whetzel brings an excessive use of force claim under the Fourth and Fourteenth Amendments, alleging that Officers Mangino,[4] Pitzer, and Brader used excessive and unreasonable force against him while arresting him and placing him in LCCC. ECF No. 1 ¶¶ 52–72. While Officers Brader and Pitzer do not contest this count as to the Fourteenth Amendment claim, they do challenge the Fourth Amendment claims against them, asserting that the Fourth Amendment does not apply to pretrial detainees. *See* ECF Nos. 24 at 4–5; 26 at 3–5. Mr. Whetzel contends that the Fourth Amendment does apply here because Mr. Whetzel was "merely placed

---

[2] The parties do not address the John Doe Defendant in their briefing. While Mr. Whetzel may bring claims against an unidentified defendant, if he cannot uncover the identity of John Doe after reasonable discovery, the Court will dismiss the unnamed defendant pursuant to Fed. R. Civ. P. 21. *Blakeslee v. Clinton Cnty.*, 336 Fed. App'x 248, 250 (3d Cir. 2009).
[3] Based on the parties' agreement, the Court has dismissed Count IV against the City of New Castle and Count V against the Lawrence County Correctional Center. ECF No. 39. Further, Defendants do not challenge Count VI, which is a state-law assault-and-battery claim. *See generally* ECF Nos. 13, 23, 25.
[4] Officer Mangino does not contest this count. *See generally* ECF No. 14.

under arrest and transported to LCCC.  There had not been an arrest warrant issued." ECF Nos. 32 at 6–7;  33 at 6–7.

The U.S. Court of Appeals for the Third Circuit has held that "it is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees." *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 193–94 (3d Cir. 2021).  And because Mr. Whetzel was a pretrial detainee at the time of the alleged assault by Officers Pitzer and Brader, *see* ECF No. 1 ¶¶ 24–51, Fourth Amendment protections did not extend to him.[5]  Further, Mr. Whetzel's argument in opposition is based on out-of-circuit cases that are not binding on this Court.  Therefore, the excessive use of force claims under the Fourth Amendment against Officers Brader and Pitzer will be dismissed.  And because amendment would be futile, the Court will dismiss these claims with prejudice.  *See Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (explaining that courts should permit a curative amendment in the civil rights context unless such an amendment would be inequitable or futile).

2. **Count II: The § 1983 First Amendment Retaliation Claims Against Officers Pitzer and Brader Will be Dismissed.**

In Count II, Mr. Whetzel brings a First Amendment retaliation claim, alleging that the Officers retaliated against him by physically assaulting him after he engaged in a "verbal altercation" with Officer Mangino during which he argued with the Officer and made disrespectful remarks about the Officer's family.[6]  ECF No. 1 ¶¶ 17, 25, 73–81.  To state a First Amendment retaliation claim, a plaintiff must allege that "(1) he engaged in protected activity;  (2) officials took an adverse action against [him];  and (3) 'a causal link' exists 'between the exercise of his constitutional rights and the adverse action taken against him.'" *Graziano v. Penn. Dep't of Corr.*,

---

[5] Mr. Whetzel also alleges that Officer Mangino assaulted him during both his arrest and his booking at LCCC—unlike Officers Pitzer and Brader.  Therefore, because Mr. Whetzel was both an undetained citizen and a pretrial detainee when Officer Mangino assaulted him, both the Fourth and Fourteenth Amendment protections apply.
[6] Mr. Whetzel originally brought this claim against all four officers but later agreed to dismiss this count as to Officer Covert.  ECF No. 35 at 6.  Further, Officer Mangino does not contest this count.  *See generally* ECF No. 14.

4

No. 1:22-CV-163-RAL, 2023 WL 6389756, at *22 (W.D. Pa. Sept. 30, 2023) (Lanzillo, M.J.) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)).  While inmates retain some First Amendment protections, their free speech rights "may be curtailed if the inmate's speech poses 'the likelihood of disruption to prison order or stability, or otherwise interferes with the legitimate penological objectives of the prison environment.'" *Isaac v. Marsh*, No. 1:20-cv-1993, 2020 WL 6504637, at *4 (M.D. Pa. Nov. 5, 2020) (citing *Jones v. N.C. Dep't of Corr.*, 433 U.S. 119, 132 (1977)).  Further, "an inmate's First Amendment rights do not include the right to debate staff orders prior to obeying them, disregard prison rules, or engage in activities that may incite a disturbance." *Id.*

Officers Brader and Pitzer seek to dismiss this count, arguing that the First Amendment does not protect Mr. Whetzel's speech because it was disrespectful and amounted to fighting words. ECF Nos. 24 at 7–9; 26 at 5–6.  Mr. Whetzel counters that his speech is protected because it does not fall within the narrow exception for fighting words. ECF Nos. 32 at 7–9; 33 at 7–9.  The Court agrees that Mr. Whetzel has failed to state a First Amendment retaliation claim.  First, in his Complaint, Mr. Whetzel fails to allege that he engaged in protected conduct as he does not clearly define what exactly he said to Officers Pitzer and Brader.  *See generally* ECF No. 1 ¶ 17 ("Plaintiff and Defendant Mangino engaged in a verbal altercation.");  ¶ 25 ("[Plaintiff] was arguing with Defendant Mangino.");  ¶ 74 ("[Plaintiff's] initial interactions with Defendant Mangino whereby he was disrespectful and referencing Defendant Mangino's family members."); and ¶ 77 ("[Plaintiff's] statements directed toward Defendant Mangino, although distasteful…"). And while the Court does not know the exact contents of his speech, Mr. Whetzel himself characterizes his speech as "argumentative," "disrespectful," and "a verbal altercation." *Id.*  As pled, such speech, in the prison context, is unprotected under the First Amendment because it

appears that Mr. Whetzel's speech involved debating or disregarding staff orders and led to a disturbance. *See Isaac*, 2020 WL 6504637, at *4 (explaining that inmates do not have a right to engage in speech where they debate or disobey staff orders or incite a disturbance). Therefore, Mr. Whetzel has failed to allege that he engaged in protected speech under the First Amendment.

Accordingly, the Court will dismiss the First Amendment retaliation claims against Officers Pitzer and Brader but will grant Mr. Whetzel leave to amend.

### 3. Count III: The § 1983 Civil Rights Conspiracy Claim Against Officers Pitzer and Brader Will Not Be Dismissed.

In Count III, Mr. Whetzel alleges that Officers Mangino, Covert,[7] Pitzer, and Brader engaged in a conspiracy to violate his civil rights. ECF No. 1 ¶¶ 82–87. A § 1983 conspiracy claim requires, "at base, an agreement to deprive an individual of some legal right." *Khalil v. N.J. Div. of Child Prot. & Permanency*, 594 F. App'x 88, 91 (3d Cir. 2015) (affirming dismissal of conspiracy claims under § 1983 "because the 'bare allegation of an agreement is insufficient to sustain a conspiracy claim.'") (citation omitted). Civil rights conspiracy claims, furthermore, must be pled with specificity. *See Brown v. City of Phila.*, 199 F. App'x 107, 109 (3d Cir. 2006) (citing *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989)). That is, to adequately plead a civil rights conspiracy claim, a plaintiff must set forth "specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity." *Mincy v. Klem*, No. 1:08-CV-0066, 2009 WL 331432, at *5 (M.D. Pa. Feb. 9, 2009) (citing *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985)). A plaintiff sufficiently alleges a civil rights conspiracy claim where he alleges (1) conduct that violated his rights, (2) the time and place of the conduct, and (3) the identity of the officials responsible for the conduct. *Martinez v. Feliciani*, No. 23-cv-435, 2024 WL

---

[7] Officers Mangino and Covert do not contest this count. *See generally* ECF No. 14.

416713, at *8 (W.D. Pa. Feb. 5, 2024) (Colville, J.) (citing *Oatess v. Sobolevitch*, 914 F.2d 428, 432 n. 8 (3d Cir. 1990)).

Here, Officers Pitzer and Brader assert that Mr. Whetzel has failed to state a civil rights conspiracy claim because he does not allege any common understanding or agreement between the Defendants. ECF Nos. 24 at 5–7; 26 at 7–9. Mr. Whetzel responds that he has sufficiently pleaded a civil rights conspiracy claim because he has alleged facts—such as the Officers' conversations and a military salute between them—that tend to show their agreement to assault Mr. Whetzel. ECF Nos. 32 at 9–12; 33 at 9–12. Here, the Court agrees with Mr. Whetzel that he has sufficiently pleaded a civil rights conspiracy claim so as to survive a motion to dismiss.

First, Mr. Whetzel adequately alleges conduct that violated his rights, including being physically assaulted by police and correctional officers. *See generally* ECF No. 1. Next, Mr. Whetzel has sufficiently identified the time and place of this conduct: namely, that it occurred during his arrest near Cascade Park, New Castle on September 5, 2021, and continued during his booking in LCCC on September 6, 2021. *Id.* ¶¶ 12–45. Further, he has sufficiently identified the officials involved: Officers Mangino, Pitzer, and Brader. *Id.* ¶¶ 82–87. Finally, at this stage of the case, Mr. Whetzel has alleged sufficient facts tending to show that there was a meeting of the minds between the Defendants: namely, that some of the officers assaulted Mr. Whetzel only after he argued with the other officers; that some watched and laughed while the remaining officers assaulted Mr. Whetzel; and that some of the officers did a military salute after the assault. *Id.* ¶¶ 25, 41, 42, 45. Therefore, the Court finds that at this stage, Mr. Whetzel has pleaded facts sufficient to state a claim for civil rights conspiracy.

Accordingly, the Motions to Dismiss by Officers Brader and Pitzer will be denied with respect to the civil rights conspiracy claims.

### 4. Count VII: The Intentional Infliction of Emotional Distress Claim Against Officer Mangino Will Not Be Dismissed.

In Count VII, Mr. Whetzel brings an Intentional Infliction of Emotional Distress claim against Officers Mangino, Covert, Pitzer, and Brader.[8] To state an IIED claim under Pennsylvania law,[9] "a plaintiff must show: (1) extreme and outrageous conduct; (2) that was either intentional or reckless; (3) which caused emotional distress; and (4) that the emotional distress must be severe." *Martin-McFarlane v. City of Phila.*, 299 F. Supp. 3d 658, 671 (E.D. Pa. 2017). "Courts have limited outrageous conduct to that which goes beyond all possible bounds of decency, and is regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (cleaned up).

Here, Officer Mangino seeks to dismiss the IIED claim against him, arguing that it is duplicative of the excessive force and battery claims. ECF No. 14 at 17–20. In support of his argument, Officer Mangino relies on two out-of-circuit district court decisions: *Taylor v. City of Rochester*, 458 F. Supp. 3d 133 (W.D.N.Y. 2020) and *Woosley v. City of Paris*, 591 F. Supp. 2d 913 (E.D. Ky. 2008). Officer Mangino, however, does not point to any in-circuit precedent—nor has this Court found any—that supports his argument for dismissal. Further, Officer Mangino does not challenge the IIED claim on any of the four prongs under Pennsylvania law. Therefore, because Officer Mangino cannot point to binding precedent supporting his argument nor does he contest the sufficiency of the Complaint regarding the IIED elements, the Motion to Dismiss will be denied with respect to the IIED claim.

---

[8] Officers Pitzer and Brader do not contest this count. *See generally* ECF Nos. 23, 25. Further, Mr. Whetzel agreed to dismiss this count as to Officer Covert. ECF No. 35 at 6–7.

[9] The Court will apply Pennsylvania law to the state law claims because the parties have cited Pennsylvania law in their analysis and therefore implicitly agree that it controls. *See Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (applying Pennsylvania law based on parties' agreement to state-law claims over which the court had supplemental jurisdiction); ECF Nos. 14 at 15; 35 at 8.

### 5. Mr. Whetzel is Suing the Defendants in their Individual Capacity.

In Officer Brader's Motion, he contends that Mr. Whetzel is suing the Defendants in their official capacities, despite stating that he is suing them in their individual capacities. ECF No. 26 at 9–10. Therefore, Officer Brader requests that the Court require Mr. Whetzel to file an Amended Complaint "that clearly sets forth the wrongdoing he is accused of having engaged in as an individual." *Id.* In response, Mr. Whetzel summarily asserts that he "properly sued the Defendant[s] in [their] individual capacity." ECF No. 33 at 12. "To determine whether a plaintiff sued a defendant in his personal capacity, official capacity, or both, [courts] look to the complaint and the course of proceedings." *Atwell v. Schweiker*, 274 Fed. App'x 116, 118 (3d Cir. 2007). In Mr. Whetzel's Complaint, he explicitly states that the Officers are being "named herein in [their] individual capacity." ECF No. 1 ¶¶ 3, 4, 7, 8. Further, based on the course of the proceedings, the only remaining Defendants are the individual officers and Mr. Whetzel is seeking punitive damages—all of which weigh in favor of finding that Defendants are sued in their individual capacities. *See Atwell*, 274 Fed. App'x at 118 (explaining that courts have found a plaintiff sues a defendant in his individual capacity where the plaintiff has sued only individuals, and not the state, and has sought punitive damages). Accordingly, the Court finds that Mr. Whetzel is suing the Officers in their individual capacities.

Therefore, Officer Brader's Motion will be denied with respect to his request to require Mr. Whetzel to file an Amended Complaint.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the Motions to Dismiss are resolved as follows:

1. The Motion to Dismiss by Officers Mangino and Covert, ECF No. 13, is GRANTED IN PART such that the First Amendment retaliation claim in Count II and the IIED claim in Count VII are DISMISSED WITH PREJUDICE as to Officer Covert; and DENIED IN PART with respect to the IIED claim in Count VII as to Officer Mangino;

2. The Motion to Dismiss by Officer Pitzer, ECF No. 23, is GRANTED IN PART such that Mr. Whetzel's use of excessive force claim under the Fourth Amendment in Count I is DISMISSED WITH PREJUDICE as to Officer Pitzer and the First Amendment retaliation claim in Count II is DISMISSED WITHOUT PREJUDICE as to Officer Pitzer; and DENIED IN PART with respect to the civil rights conspiracy claim in Count III as to Officer Pitzer; and

3. The Motion to Dismiss by Officer Brader, ECF No. 25, is GRANTED IN PART such that Mr. Whetzel's use of excessive force claim under the Fourth Amendment in Count I is DISMISSED WITH PREJUDICE as to Officer Brader and the First Amendment retaliation claim in Count II is DISMISSED WITHOUT PREJUDICE as to Officer Brader; and DENIED IN PART with respect to the civil rights conspiracy claim in Count III as to Officer Brader and the request for a Court order requiring Mr. Whetzel to file an amended complaint.

4. Accordingly, the following claims and defendants remain in the case: (1) Fourth and Fourteenth Amendment claims in Count I as to Officer Mangino, and the Fourteenth Amendment claim in Count I as to Officers Pitzer and Brader; (2) the First Amendment retaliation claim in Count II as to Officer Mangino; (3) the § 1983 civil rights conspiracy claim in Count III as to Officers Mangino, Covert, Pitzer, and Brader; (4) the assault and battery claim in Count VI as to Officers Mangino, Pitzer, and Brader; and (5)

the intentional infliction of emotional distress claim in Count VII as to Officers Mangino, Pitzer, and Brader.

5. IT IS FURTHER ORDERED that Mr. Whetzel may file an amended complaint regarding the First Amendment retaliation claim in Count II as to Officers Pitzer and Brader, on or before October 7, 2024. If Mr. Whetzel chooses to file an Amended Complaint, he shall include only the claims that remain in the case and the amended First Amendment retaliation claim (Count II). Mr. Whetzel shall not renumber any count and shall use the existing count numbers in his Amended Complaint.

DATED this 23rd day of September, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

11